Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10335 | **DATE** | 1-9-13 |
| **CASE TITLE** | Cortez L. Moore (#2011-0118127) vs. St. Bernard Medical Center | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. Dismissal is without prejudice to filing suit in state court (assuming Plaintiff believes he has a timely cause of action sounding in state tort law). The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff claims that he received inadequate medical care at the St. Bernard Medical Center, an area hospital.

The Court finds that Plaintiff is unable to prepay the filing fee. The Court accordingly grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.90 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.
**(CONTINUED)**

| | AWL |
|---|---|

## STATEMENT (continued)

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a prisoner suit at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

### Facts

Plaintiff alleges that on January 17, 2011, he was taken to St. Bernard Medical Center for treatment, because he was dragged and beaten between four and five o'clock in the morning. He alleges that while at the hospital, he was denied treatment for pain due to a prior gun-shot wound, and for injuries to his head, knees, elbows, wrists, and left middle finger that he presumably sustained frm the beating he alleges he sustained.

### Discussion

The Court discerns no tenable federal cause of action on the basis of the facts alleged. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *See, e.g., Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). Defendant in this case is a private hospital, and not a state actor. *See, e.g., James v. St. Bernard Hosp.*, Case No. 12 C 3963, 2012 U.S. Dist. LEXIS 154454 *5 (N.D. Ill.) (Coleman, J.) , *see also Horton v. Jackson Park Hosp.*, Case No. 10 C 6214, 2010 U.S. Dist. LEXIS 105105, **3-4, (N.D. Ill.) (Leinenweber, J.) (St. Bernard Hospital is not a state actor and "A plaintiff cannot claim that a private hospital and private individuals were acting under color of state law, "an element of any § 1983 claim." *Turner v. Jackson Park Hosp.*, 264 Fed. Appx. 527, 529-530 (7th Cir. 2008), *citing Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003))

The Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute or diversity of citizenship between the parties. If Plaintiff wishes to sue St. Bernard Medical Center for negligence, medical malpractice, or any other state tort, he must do so in state court. *See. e.g., Turner*. 264 Fed. Appx. at 529-30.

Plaintiff is advised to conduct some basic legal research prior to re-filing suit in state court. In Illinois, the statute of limitations for medical malpractice actions is two years. *See* 735 ILCS § 5/13-212. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to filing suit in state court (assuming Plaintiff can assert a timely cause of action there). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."